**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRYAN SMITH, an individual,

        Plaintiff - Appellant,

  v.

CENTEX HOMES REALTY COMPANY,
a Nevada Corporation; et al.,

        Defendants - Appellees.

No. 08-17092

D.C. No. CV-06-00084-RAM

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Nevada
Robert A. McQuaid, Jr., Magistrate Judge, Presiding

Submitted November 5, 2009[**]
San Francisco, California

Before:  B. FLETCHER, CANBY, and GRABER, Circuit Judges.

    Plaintiff Bryan Smith appeals the grant of summary judgment in favor of

Defendant Centex Homes Realty Company in this employment-related diversity

case.

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

We review de novo the district court's grant of summary judgment. <u>Dietrich v. John Ascuaga's Nugget</u>, 548 F.3d 892, 896 (9th Cir. 2008). Here we must determine, viewing the evidence in the light most favorable to Plaintiff, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. <u>Id.</u>

1. With regard to Plaintiff's sex discrimination claim, we apply the burden-shifting analysis set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802–04 (1973). <u>Snead v. Metro. Prop. & Cas. Ins. Co.</u>, 237 F.3d 1080, 1093–94 (9th Cir. 2001). Under that framework, the plaintiff must first establish a prima facie case of employment discrimination, before the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's [termination]." <u>McDonnell Douglas</u>, 411 U.S. at 802.

The record fails to establish a prima facie case for sex discrimination because similarly situated women were not treated more favorably than Plaintiff. Even if there were a prima facie case, this claim fails. Defendant outsourced his job for economic reasons, none of which was pretextual.

2. As to the age discrimination claim, Plaintiff must prove, "by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." <u>Gross v. FBL Fin. Servs., Inc.</u>, 129 S. Ct. 2343, 2352

2

(2009).  The record falls short of that standard.  There is no evidence that Plaintiff's age was a factor, much less the "but-for" cause, in his termination.

AFFIRMED.